1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   P. CRAIG CARDON, Cal. Bar No. 168646
3  ELIZABETH S. BARCOHANA, Cal. Bar No. 252377
   JAY T. RAMSEY, Cal. Bar No. 273160
4  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6055
5  Telephone:  310.228.3700
   Facsimile:  310.228.3701
6  Email:       ccardon@sheppardmullin.com
                 ebarcohana@sheppardmullin.com
7                jramsey@sheppardmullin.com

8  Attorneys for Defendant
   SIERRA TRADING POST, INC.
9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  SCOTT BALES, individually and on behalf of all others similarly situated, | Case No.  **'13CV1894 JM    KSC** |
| 14 | |
| 15          Plaintiff, | **CLASS ACTION** |
| 16          v. | **DEFENDANT SIERRA TRADING POST, INC.'S NOTICE OF REMOVAL OF ACTION AND DECLARATION OF ROBERT KOEHLER IN SUPPORT THEREOF** |
| 17  SIERRA TRADING POST, INC., a Wyoming corporation; and DOES 1-50, inclusive, | |
| 18 | |
| 19          Defendants. | |
| 20 | Compl. Filed:      July 14, 2013 |
| 21 | Compl. Served;    July 16, 2013 |
|  | Compl. Removed:  August 13, 2013 |

22

23

24

25

26

27

28

TO THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF SCOTT BALES AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Sierra Trading Post, Inc. ("STP") hereby provides notice of the removal to the United States District Court for the Southern District of California of the following lawsuit filed on July 15, 2013, in the San Diego County Superior Court: *Bales v. Sierra Trading Post, Inc.*, Case No. 37-2013-00057375-CU-MC-CTL.  The following is a short, plain statement of the grounds for removal.  *See* 28 U.S.C. § 1446(a).

## I.

## DESCRIPTION OF THE ACTION

On July 15, 2013, Plaintiff Scott Bales ("**Plaintiff**") filed a complaint against STP in San Diego County Superior Court (the "**State Court Action**").  The claims asserted against STP arise out of STP's alleged recording of telephone conversations without consent made between Plaintiff and STP.  [Complaint ¶¶ 5-6.]  The complaint does not specify who initiated the alleged calls or the phone number at STP to which, or from which, the calls were made.  [*Id.*]  The Complaint alleges a single claim for violation of Penal Code § 630 *et seq.*  [*Id.* at ¶¶ 15-19.]  Plaintiff purports to act on behalf of a putative plaintiff class of "[a]ll natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through records held by defendants and/or third parties."  [Complaint ¶ 9.]

The Complaint alleges that STP "routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded."  [Complaint ¶ 6.]  The Complaint seeks (1)

an award of statutory damages of $5,000 per violation pursuant to section 637.2(a) of the Penal Code; (2) injunctive relief prohibiting the alleged misconduct; (3) pre-judgment interest; and (3) for attorneys' fees and costs of suit.  The nature of the action is more fully stated in the Complaint, a copy of which is attached hereto as part of **EXHIBIT A.**

STP was served with the Summons and Complaint on July 16, 2013, and there are no other named defendants whose consent would be required for removal. *See* 28 U.S.C. § 1453(b).  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d) (the 2005 Class Action Fairness Act).

**I.**

**BASIS FOR REMOVAL (DIVERSITY JURISDICTION)**

**A.    Diversity Of Citizenship Exists**

The 2005 Class Action Fairness Act provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is ***a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from <u>any</u> defendant*** . . . ." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). Thus, only minimal diversity is required; it is sufficient if the plaintiff and only one defendant are citizens of different states.

Minimal diversity is met here.  This action is between citizens of different States.  Plaintiff alleges that Plaintiff is a citizen of the State of California and purports to represent a class of "all persons residing in and physically present in the State of California." [Complaint ¶¶ 1, 9 (**EXHIBIT A** hereto).]  As of the time of filing this Notice of Removal, STP is informed and believes that Plaintiff remains a citizen of the State of California.  Further, as of the time of filing of this action and today, STP is a Wyoming Corporation with its primary operations in Cheyenne, Wyoming and its corporate headquarters in Framingham, Massachusetts. [*See* Complaint ¶ 2; Declaration of Robert Koehler ("**Koehler Decl.**") (attached hereto as

**Exhibit B**, ¶ 2.] STP is thus *not* a citizen of California, and, therefore, the first requirement for diversity jurisdiction is satisfied because Plaintiff and STP are citizens of different states. *See* 28 U.S.C. §§ 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...."); and 1332(d)(2)(A).

**B.** **The Amount In Controversy Exceeds $5,000,000.**

In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied "is not confined to the face of the complaint." *Valdez v. Allstate Insurance Company*, 372 F.3d 1115, 1117 (9th Cir. 2004). The appropriate measure of the jurisdictional amount in controversy is "the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Insurance Co. of Florida,* 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994). It is not determined by "the low end of an open-ended claim," but by "a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993); *see also Hart v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977). Stated differently, "the amount in controversy must be calculated based on a 'reasonable reading' of the complaint," not based on what the evidence might eventually bear out. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002); *Ray v. Wells Fargo*, 2011 U.S. Dist. LEXIS 53155 at *13 (C.D. Cal. May 9, 2011) (holding that the focus of the analysis is tethered to "what amount is put 'in controversy' by the plaintiff's complaint or other papers, *not* what the defendant will actually owe for the actual number of violations that occurred, if any") (emphasis added) (internal quotations omitted).

The amount-in-controversy requirement is met here because, plaintiff's complaint, "reasonably read," places the aggregate amount in controversy for the

alleged class at over the $5 million threshold for diversity jurisdiction under 28 U.S.C. § 1332(d).  The Complaint defines the putative class as "[a]ll natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through records held by defendants and/or third parties."  [Complaint ¶ 9.]  The Complaint further alleges that STP "routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded."  [Complaint ¶ 6.]  And the Complaint seeks the "statutory damages of $5,000 per recorded communication pursuant to Cal. Penal Code section 637.2(a)."  [Complaint ¶ 19 (emphasis added).]

For the amount in controversy to be at least $5 million, STP would have to have recorded over 1,000 calls from California, whether inbound or outbound ($5,000 * 1,000 calls = $5 million).  In the year preceding the filing of the Complaint, STP received in excess of 50,000 inbound phone calls from phone numbers with a California area code.  [Koehler Decl. ¶¶ 3-4.]  Plaintiff alleges that STP "routinely" recorded inbound and outbound phone calls within the past year.  Reasonably read, Plaintiff is alleging that STP records at least half of inbound and outbound phone calls.[1]  Fifty percent of 50,000 annual inbound phone calls to STP

---

[1]   *See*, *e.g.*, Webster's New Twentieth Century Dictionary Of The English Language, Unabridged, 2d Ed., routine ("a regular more or less unvarying procedure, customary, prescribed, or habitual, as of business of daily life."); Oxford English Dictionary, routine ("A regularly followed procedure; an established or prescribed way of doing something; a more or less mechanical or unvarying way of performing certain actions or duties."), *available at* www.oed.com; The American Heritage Dictionary, routine ("A set of customary or unchanging and often

from California phone numbers equals 25,000 recorded calls, which if each was made from California results in well over $5 million in statutory penalties.  Thus, "assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint," *Jackson*, 976 F. Supp at 1454, the aggregate amount in controversy for the class reasonably read would exceed $5 million.

As a result, both of the predicates for diversity jurisdiction under 28 U.S.C. § 1332(d)—diversity of citizenship and more than $5 million in controversy—exist, and jurisdiction is proper in this Court.

## II.

## **THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

Based on the foregoing, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Complaint and all other papers served on STP in the State Court Action as of the filing of this Notice of Removal are attached hereto as **EXHIBIT A**.

This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days after STP was served with a copy of the initial pleading in this action.  There are no other named defendants whose consent would be required for removal.

---

mechanically performed activities or procedures."), available at http://www.ahdictionary.com/word/search.html?q=routine; Collins English Dictionary, routine ("a usual or regular method of procedure, esp[cially] one that is unvarying"), available at http://www.collinsdictionary.com/dictionary/english/routine?showCookiePolicy=true.

1

### III.

### CONCLUSION AND REQUESTED RELIEF

For all of the reasons set forth above, STP respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated:  August 14, 2013         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     _____
                    */s/ Jay T. Ramsey*
                  P. CRAIG CARDON
               ELIZABETH S. BARCOHANA
                  JAY T. RAMSEY

                Attorneys for Defendant
              SIERRA TRADING POST, INC.

-6-