**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT BALES,<br><br>                            Plaintiff,<br>   vs.<br>SIERRA TRADING POST, INC.,<br><br>                          Defendant. | CASE NO. 13cv1894 JM(KSC)<br><br>ORDER DENYING MOTION TO DISMISS |

Defendant Sierra Trading Post, Inc. ("STP") moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Scott Bales ("Bales") opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss.

**BACKGROUND**

On July 15, 2013, Plaintiff commenced a class action in the Superior Court for the County of San Diego by alleging a single claim for violation of Cal. Penal Code §630 et seq., recording communications "without the consent of plaintiff." (Compl. ¶16). In broad brush Plaintiff alleges that he "had one or more telephone communications with defendants' (sic) representatives in which he provided personal financial information (including credit card information) to defendants (sic)." (Compl. ¶5). During these telephone calls, Plaintiff was not notified that the "telephone communication was being recorded." (Compl. ¶9).

1    On August 14, 2013, STP removed this action based upon diversity jurisdiction, the 2005 Class Action Fairness Act, 28 U.S.C. §1332(d)(2)(A).  Plaintiff and the class members he seeks to represent are California residents, and STP is a Wyoming Corporation with its primary operations in Cheyenne, Wyoming and its corporate headquarters in Framingham, Massachusetts.  (Notice of Removal, Ct. Dkt. 1, p.2:23-27).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the

1 plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116
2 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in
3 the complaint, as well as reasonable inferences to be drawn from them. Holden v.
4 Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of
5 law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In
6 Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

California's Privacy Act, Penal Code §632, prohibits, in relevant part, the recording of "confidential communication" without consent:

> (a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any ... recording device, ... records the confidential communication, ... shall be punished by [a fine and/or imprisonment]....

Pen.Code §632(a). A "confidential communication" is defined in the statute:

> (c) The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made . . . in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Pen.Code §632(c). Penal Code Section 632 prohibits a party to a telephone conversation from "secretly or surreptitiously recording the conversation, that is, from recording the conversation without first informing all parties to the conversation that the conversation is being recorded." Kearney v. Salomon Smith Barney, Inc., 39 Cal.4th 95, 118 (2006).

STP contends that the underlying conversations were not confidential communications for purposes of §632(c) and that the conversations were, as a matter of law, exempt from liability pursuant to §632(e). Each argument is discussed in turn.

Confidential Communication

In reliance upon Faulkner v. ADT Security Services, Inc., 706 F.3d 1017 (9th Cir. 2013), STP contends that the complaint fails to adequately allege a "confidential communication" for purposes of §632. This argument is not persuasive.

In <u>Faulkner</u>, plaintiff alleged that he called his security provider to dispute an assessed charge. He was then transferred to ADT's technical line where he heard periodic "beeping" sounds during the conversation. Upon inquiring about the sounds, Faulkner was informed that the telephone conversation was being recorded. He then informed the representative that he had not previously been informed that the conversation was being recorded and that he did not desire to continue the conversation if it was being recorded. When he contacted customer service to discuss the issue, he was informed that "it was the company's policy to record telephone calls and advised Faulkner to end the call if he did not wish to be recorded, which he did." <u>Id.</u> at 1018. The district court granted the Rule 12(b)(6) motion concluding that the "conversation was not a confidential communication because he had no objectively reasonable expectation that his telephone conversation with ADT would not be overheard or recorded.'" <u>Id.</u>

The Ninth Circuit affirmed the dismissal, noting that a conversation is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded,." <u>Id.</u> at 19 (quoting <u>Kearney v. Salomon Smith Barney, Inc.</u>, 39 Cal.4th 95, 117 n.7 (2006). The <u>Faulkner</u> complaint set forth two allegations concerning the confidentiality of the conversation. First, the complaint alleged that Faulkner called to dispute a charge, and second, "it was carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined thereto." <u>Id.</u> at 1020. The court determined that the allegation that Faulkner called to dispute a "charge," without more, is insufficient to give rise to an objectively reasonable expectation of confidentiality. <u>Id.</u> With respect to the second allegation, the Ninth Circuit noted that the allegation is nothing more than a threadbare recital of the statutory language of §632 and violated the pleading standard set forth in <u>Iqbal</u>, 556 U.S. at 678. The Ninth Circuit affirmed the dismissal of the complaint.

Here, in contrast to <u>Faulkner</u>, Plaintiff alleges that he provided personal financial information, including credit card information, to STP. The disclosure of personal

financial information is sufficient to establish a confidential communication for purposes of §632. See Flanagan v. Flanagan, 27 Cal. 4th 766, 776-77 (2002) (a telephone call is a confidential communication if there is an objectively reasonable basis that the call is not being recorded). Further, California courts construe the Privacy Act broadly. See id. at 776 ("Under the construction adopted here, the Privacy Act is a coherent statutory scheme. It protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved.") Here, the complaint adequately states that Plaintiff had a reasonable basis to believe that his personal financial information, including his credit card number, would not be recorded absent the required notice. See Mirkarimi v. Nev. Prop. 1LLC, 2013LEXIS 99363 at *9 (S.D. Cal. July 15, 2013) (sharing of credit card information is private information). The court concludes that the allegations of a confidential communication are sufficient to provide STP with sufficient notice to prepare an answer and to conduct discovery.

In sum, the court denies the motion to dismiss on the ground that Plaintiff fails to allege a confidential communication for purposes of §632.

Exemptions to the Privacy Act

STP contends that the legislative history of the Privacy Act demonstrates that §632 was not intended to cover the conduct at issue in this case. The claimed exemption from liability provides:

> (e) This section does not apply . . . (2) to the use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility. . . .

§632(e)(2). This argument is similarly not persuasive.

A "tariff" filed with the Public Utility Commission ("PUC"):

> consists of schedules showing all rates, tolls, rentals, charges, and classifications collected or enforced, or to be collected or enforced, together with all rules, contracts, privileges, and facilities which in any manner affect or relate to rates, tolls, rentals, classifications, or service.

Cal.Pub.Util.Code §489. "The tariff, with any limitations of liability specified therein, is the document that governs the rights and liabilities between a public utility, such as

1  Teleport, and its customers." <u>Pink Dot, Inc. v. Teleport Communications Group</u>, 89
2  Cal.App. 4th 407, 410 n.1 (2001) (citing <u>Trammell v. Western Union Tel. Co.</u>, 57
3  Cal.App.3d 538, 548-553 (1976)).[1]  The rationale behind exempting telephone
4  equipment and services from the Privacy Act is rooted in the legislative belief that
5  telephone providers carried some assurance that they would act responsibly in
6  monitoring their own equipment and services.  See <u>Newport v. BPG Home Warranty
7  Co.</u>, Case No. BC488142 (Super Ct. L.A. County, May 8, 2013) (PRJN Exh. 8 at pp.8-
8  10). As noted in <u>Newport</u>, the Privacy Act was enacted in 1967 before the modern-day
9  deregulation of the telephone industry.  The exception provided for in §632(e), the
10 practice known as service-observing, was adopted "because those devices were limited,
11 regulated, and carried some assurance that they were being utilized for a proper
12 purpose.  The legislative history routinely distinguishes such recordings from those
13 made by clandestine, unregulated devices." <u>Id.</u>

14   STP also argues that the Privacy Act was not intended to criminalize service-
15 observing. As noted in the legislative history of the Privacy Act, the exclusion of
16 service-observing equipment is appropriate "only with the approval of the Public
17 Utilities Commission." <u>Id.</u> The statute was not intended to govern the use of telephone
18 monitoring equipment by public utilities or "by a subscriber when furnished by a
19 communications public utility pursuant to its tariffs." (DRJN, Exh. A at 112).

20   With respect to deregulation of the telephone industry, STP argues that "it is now
21 illegal for carriers to provide such equipment" and that the §632(e)(2) "exception is
22 therefore meaningless if construed literally because it would be impossible to comply
23 with." (Reply at p.6:5-10).  The fact that "it is now illegal for carriers to provide such
24 equipment" (reply at p.6:5-6), does not mean that the court should breathe new life into
25 an exception that no longer applies.  See <u>Knell v. FIA Card Services, N.A.</u>, Case No.
26 12cv0426 AJB (WVG) (S.D. Cal. Feb. 21, 2013) (Judge Battaglia held, "Section 632(e)

---

[1] The court notes that the Privacy Act was enacted in 1967, before the deregulation of the telephone industry.

does not create a 'service-observing' exemption in its unambiguous provisions and, thus, the Court declines to create one based upon the statute's legislative history.").

Here, the complaint does not allege, nor does STP proffer, that its recording equipment is furnished and used pursuant to any published tariff. On its face, therefore, the statute does not appear ambiguous as applied to STP's alleged routine recording of telephonic conversations. At this stage in the litigation process, the court declines to read into the statute a new "service-observing" exception that would permit companies to secretly record telephone conversations for quality assurance purposes.

In sum, the court denies the motion to dismiss.

**IT IS SO ORDERED.**

DATED: December 3, 2013

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties