# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BALES,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>SIERRA TRADING POST, INC.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13cv1894 JM(KSC)<br><br>ORDER GRANTING MOTION TO REMAND |

Pursuant to 28 U.S.C. §1447, Plaintiff Scott Bales ("Bales") moves to remand this action to state court. Defendant Sierra Trading Post, Inc. ("STP") opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to remand the action. The Clerk of Court is instructed to remand the action to the Superior Court for the County of San Diego.

## BACKGROUND

On July 15, 2013, Plaintiff commenced a class action in the Superior Court for the County of San Diego by alleging a single claim for violation of Cal. Penal Code §630 et seq., recording communications "without the consent of plaintiff." (Compl. ¶16). In broad brush, Plaintiff alleges that he "had one or more telephone communications with defendants' (sic) representatives in which he provided personal financial information (including credit card information) to defendants (sic)." (Compl. ¶5). During these telephone calls, Plaintiff was not notified that the "telephone

communication was being recorded." (Compl. ¶9).

On August 14, 2013, STP removed this action based upon diversity jurisdiction, the 2005 Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2)(A). Plaintiff and the class members he seeks to represent are California residents, and STP is a Wyoming Corporation with its primary operations in Cheyenne, Wyoming and its corporate headquarters in Framingham, Massachusetts. (Notice of Removal, Ct. Dkt. 1, p.2:23-27). With respect to the amount in controversy, Bales seeks an award of statutory damages of $5,000 per violation pursuant to Penal Code §637.2(a). The Complaint also alleges that STP "routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded." (Compl. ¶6). To establish the amount in controversy, the Director of Human Resources for STP declares that STP received about 50,000 telephone calls from area codes in California. (Kohler Decl. ¶4).

Since removal of this action, on December 3, 2013, this court denied STP's Rule 12(b)(6) motion and, on January 30, 2014, the parties met with Magistrate Judge Karen Crawford for an Early Neutral Evaluation ("ENE") conference. In relation to the ENE, on January 28, 2014, counsel for STP indicated to Plaintiff's counsel that STP believed that there were no more than 182 telephone calls involving California area codes recorded during the one-year limitations period. (Dostart Decl. ¶2). Counsel for STP indicates that the information provided to Plaintiff's counsel was for purposes of the "upcoming ENE and the potential settlement of the case at the upcoming ENE." (Cardon Decl. ¶2).

## DISCUSSION

A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Defendant, as the party who invoked federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction at the time of removal. See Gaus v. Miles, Inc. 980

F.2d 564, 566 (9th Cir. 1992); Visendi v. Bank of America, N.A., 733 F.3d 863, 868 (9th Cir. 2013). Any doubts regarding removal jurisdiction are construed against Defendant and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566. Even after enactment of CAFA, the burden of demonstrating subject matter jurisdiction at the time the Notice of Removal is filed remains with Defendant. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) (under CAFA, defendant retains the burden of establishing federal jurisdiction, including the amount in controversy).

Where removal subject matter jurisdiction is premised upon CAFA, "the party seeking removal must prove with 'legal certainty' that the amount in controversy is satisfied." Lowdermilk v. U.S. Bank National Assn'n, 479 F.3d 994, 996 (9th Cir. 2007).[1] The Ninth Circuit noted that "a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court," subject only "to a 'good faith' requirement in pleading." Id. at 999. The court is to consider the complaint, Notice of Removal, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," in making this determination. Abrego, 443 F.3d at 682-83. Defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996).

Here, the Complaint seeks $5,000 per violation pursuant to Penal Code §637.2(a). The Complaint also alleges that STP "routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded." (Compl. ¶6). These allegations are simply inadequate to establish that the amount in controversy exceeds $5,000,000. The court

---

[1] The parties do not dispute that CAFA's minimal diversity and class numerosity requirements are satisfied. The only disputed element concerns the $5,000,000 amount in controversy requirement of 28 U.S.C. §1332(d).

1  rejects STP's argument that the term "routinely" necessarily means more than 50% of
2  the approximately 50,000 telephone calls were recorded.  (Oppo. at p.8:11-16).  As
3  noted by STP, "routinely" means "[a] regularly followed procedure; an established or
4  prescribed way of doing something; a more or less mechanical or unvarying way of
5  performing certain actions or duties."  Webster's New Twentieth Century Dictionary
6  of the English Language, Unabridged, 2d Ed.  The court notes that the recording of one
7  telephone call per day would constitute a routine.  However, it would fail to establish
8  CAFA's jurisdictional minimum.  The court concludes that the term "routinely," seen
9  in context, is inherently ambiguous.

10  Looking to the evidentiary record, counsel for Plaintiff declares that STP's
11  counsel informed him that there are "no more than 182 calls from California customers
12  . . . recorded during the one-year limitations period." (Dostart Decl. ¶2).  The recording
13  of so few calls, even assuming the maximum award of $5,000 per violation, falls
14  considerably short ($910,000) of establishing the jurisdictional minimum.  The court
15  also rejects the declaration of STP'S Human Resource Director to the effect that STP
16  received 50,000 telephone calls from California residents (Notice of Removal, Kohler
17  Decl. ¶4), as the Kohler declaration is silent on the number of relevant telephone calls-
18  that is, telephone calls recorded without adequate notice in violation of Cal. Penal Code
19  §§ 630 et seq.

20  STP does not make any evidentiary showing of the amount in controversy.
21  Rather, STP's counsel explains that the statement concerning the 182 telephone calls
22  was made to Mr. Dostart in

> preparation for the ENE, and to provide some information that STP had included in its ENE statement so that he would not be surprised by the information at the ENE.  I specifically stated that I wanted to speak that day "so that [Plaintiff] would have some time to digest this information before the ENE on Thursday."  I prefaced this by explaining that "I'm not looking to press you for any reaction or response now, but just to allow you time to consider it before the conference.

27  (Cardon Decl. ¶3).  There is nothing in the communication with Mr. Dostart to indicate
28  that this information was revealed in the context of settlement negotiations.  While Mr.

1  Cardon may have had the subjective belief that the statement was made for purposes
2  of the "upcoming ENE and the potential settlement of the case," (id. ¶2), there is no
3  indication that his subjective belief was ever communicated to Plaintiff at the time of
4  making the representation. As set forth in the Notice and Order Setting the ENE, there
5  is support for STP's assertion that communications made during the settlement process
6  are "privileged and confidential." (Ct. Dkt. 23, ¶1).

7  Here, even if the court does not consider counsel's statement that there are only
8  182 relevant telephone calls, STP misconstrues the nature of its burden. As the party
9  who has the burden of establishing federal jurisdiction, see Gaus, 980 F.2d at 566, STP
10 falls short of establishing to a legal certainty that the amount in controversy at the time
11 of removal exceeded $5,000,000. Moreover, STP fails to submit any evidence (or even
12 a proffer) that the amount in controversy exceeds the jurisdictional minimum. As all
13 doubts concerning removal are construed against STP, see Gaus, 980 F.2d at 566, the
14 court grants the motion to remand.

15 In sum, the court grants the motion to remand and instructs the Clerk of Court
16 to remand the action to the Superior Court for the County of San Diego.

17 **IT IS SO ORDERED.**

18 DATED: March 18, 2014

19 _____
20 Hon. Jeffrey T. Miller
   United States District Judge

cc:     All parties